# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

January 4, 2016

Lyle W. Cayce
Clerk

No. 14-60839

PRO-LIFE MISSISSIPPI; DANA CHISHOLM; ESTER MANN; JOHN BREKEEN; LAURA DURAN; DOUG LANE; RONALD NEDERHOED; BERKELEY OSTRANDER; CALVIN ZASTROW,

            Plaintiffs - Appellants

v.

LINDSAY HORTON, Individually and in his official capacity as Chief of Police for the City of Jackson, Mississippi; JESSE ROBINSON, Individually and in his official capacity as an Officer for the City of Jackson, Mississippi Police Department; JAMES MCGOWAN, Individually and in his official capacity as an Officer for the City of Jackson, Mississippi Police Department; MARY JAMES, Individually and in her official capacity as an Officer for the City of Jackson, Mississippi Police Department; MARIE HAMPTON, Individually and in her official capacity as an Officer for the City of Jackson, Mississippi Police Department; JAMES ROSS, Individually and in his official capacity as an Officer for the City of Jackson, Mississippi Police Department; WILLIS THOMAS, Individually and in his official capacity as an Officer for the City of Jackson, Mississippi Police Department; UNKNOWN OFFICERS 1-10, Individually and in their official capacity as an Officers for the City of Jackson, Mississippi Police Department; CITY OF JACKSON, MISSISSIPPI,

            Defendants - Appellees

Appeal from the United States District Court
for the Southern District of Mississippi
USDC No. 3:14-CV-568

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

No. 14-60839

PER CURIAM:*

We have reviewed the briefs and the record. The parties have fully argued the case before us. We are satisfied that the district court neither abused its discretion nor clearly erred in concluding that the plaintiffs have not satisfied their burden for a preliminary injunction. Entitlement to a preliminary injunction requires that the plaintiffs must show four factors: likelihood of success on the merits; "irreparable injury if the injunction is not granted; that the irreparable injury outweighs any harm to the other side; and that granting the preliminary injunction will not disserve the public interest." *Cardoni v. Prosperity Bank*, 805 F.3d 573, 579 (5th Cir. 2015). The district court, after a five-day hearing, found that the plaintiffs had not shown that they are likely to prevail on the merits of their underlying § 1983 claims. The plaintiffs' § 1983 claims for injunctive relief turn on a fact-intensive inquiry and credibility assessments. We review a district court's factual and credibility determinations with great deference. *United States v. Powers*, 168 F.3d 741, 753 (5th Cir. 1999). This appeal is no exception. Thus, we hold that the district court did not abuse its discretion in finding that the plaintiffs had not demonstrated a likelihood of success on the merits. We emphasize that we have reached no opinion whatsoever on the ultimate merits of the case.

The district court's denial of the preliminary injunction is AFFIRMED. We return the case to the district court for such further proceedings as are appropriate.

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.